WR-82,849-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/12/2015 2:06:38 PM
Accepted 2/12/2015 2:26:58 PM
ABEL ACOSTA
CLERK

NO. WR-82,849-01

RECEIVED
IN THE TEXAS COURT
2/12/2015
ABEL ACOSTA, CLERK

| | | |
|---|---|---|
| EX PARTE | § | IN THE TEXAS COURT |
| | § | |
| | § | OF CRIMINAL APPEALS |
| | § | |
| | § | |
| ROSHAN SAH | § | |

### OBJECTIONS TO THE COURT'S ADOPTION
### OF THE STATE'S "PROPOSED MEMORANDUM,
### FINDINGS OF FACT AND CONCLUSIONS OF LAW"

Now comes Roshan Sah, Applicant, and files these objections to the trial court's adoption of the State's "Proposed Memorandum, Findings of Fact and Conclusions of Law" recommending relief be denied. In support thereof, Applicant shows the following:

On August 25, 2014, Applicant filed an application for a writ of habeas corpus in which he urged that his trial counsel provided ineffective assistance in failing to pursue a reduced punishment for acting in sudden passion. *See* TEX. PEN. CODE § 19.02(d). The State filed an answer in which it requested the trial court to instruct Applicant's trial attorney to submit an affidavit addressing Applicant's complaint, which he did on November 11, 2014.

The State then filed "Proposed Memorandum, Findings of Fact and Conclusions of Law." In that document, the State suggested the trial court reject Applicant's application because the Presentence Investigation Report prepared ahead of Applicant's trial stated that, according to the "police version [of events]," Applicant made the reasoned decision to murder the complainant prior to killing himself. (St. Pr. FOF and COL at 2); (*see* PSR at p. 6). The State contended this

1

"would have precluded the trial court from finding that the murder was the result of an immediate influence or sudden passion," and, in light of this, Applicant's counsel's decision not to pursue a reduced punishment for acting in sudden passion was reasonable, and could not have prejudiced Applicant. (St. Pr. FOF and COL at 2-3, 5-6). Sah then filed his Proposed Findings of Fact and Conclusion of Law in which he explained that that was an entirely incorrect understanding of the law, but on February 9, 2015, the trial court adopted the State's proposal and recommended relief be denied.

The trial court was wrong to do so. Contrary to the State's contention, evidence that Applicant planned the complainant's murder did *not* preclude the court from finding that the murder was the result of an immediate influence or sudden passion. A defendant need only prove the issue by a preponderance of the evidence, *see* TEX. PEN. CODE § 19.02(d), and here, though the Presentence Investigation Report stated that Applicant made the reasoned decision to murder the complainant prior to killing himself, Applicant testified at his sentencing hearing that he didn't remember telling the detective any such thing. (PSR at p. 6; RR2: 75). And then, on cross-examination, Applicant specifically testified the complainant's death "wasn't intentional," and that he had not told the detective it was premeditated. (RR2: 78). Additionally, Applicant's friend, James Moreno, testified that Applicant told him he did not plan to murder the complainant—"he bought [the gun] with the intentions of taking his own life. He said he never planned on using it on her." (RR2: 46).

Certainly, then, the trial court was not precluded from finding, by a mere preponderance of the evidence, that Applicant acted in sudden passion. And, in light of the great wealth of evidence supporting such a finding—indeed, this case is a near textbook example of sudden passion, as Applicant's feelings for the complainant were of the strength that discovering her sexual activity, and receiving her vitriolic insults, were extremely distressing, and it was undisputed at trial that he shot the complainant immediately upon hearing as much, without any reflection—there was a reasonable probability it would have done just that. Counsel's decision not to pursue such a defense was thus unreasonable and prejudicial.

Accordingly, Applicant respectfully requests this Court to disregard the trial court's findings of fact and conclusions of law and to instead adopt his proposed findings and conclusions and grant him relief.

Respectfully submitted,

/s/ Robert N. Udashen, P.C.

ROBERT N. UDASHEN, P.C.
State Bar Card No. 20369600
rnu@sualaw.com

/s/ Brett Ordiway

BRETT ORDIWAY
Bar Card No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road
Suite 250

Dallas, Texas 75201
214-468-8100
214-468-8104 fax

Attorneys for Applicant

## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Objections to the Court's Adoption of the State's Proposed Findings of Fact and Conclusions of Law was electronically served to the Tarrant County District Attorney's Office on February 12, 2015.

/s/ Robert N. Udashen, P.C.
ROBERT N. UDASHEN, P.C.

4